### JAMES B. MAXWELL

*v.*

### THE PEOPLE *ex rel.* Freise, County Collector.

*Opinion filed February 20, 1901—Rehearing denied April 11, 1901.*

1. TAXES—*when county court should sustain objection to entry of judgment of sale.* Where a property owner claims his personal property to be exempt from taxation upon the ground that he is a non-resident and has no personal property in this State, and the board of review sustains his claim in accordance with the evidence, but the Auditor neither notifies the board of his approval of its decision nor presents the case to the Supreme Court, the county court should sustain the objection when made to judgment of sale.

2. The other questions here involved are controlled by the decision in *Maxwell* v. *People ex rel. (ante,* p. 546.)

APPEAL from the County Court of Mercer county; the Hon. W. T. CHURCH, Judge, presiding.

ROBERT L. WATSON, and GUY C. SCOTT, for appellant.

JAMES M. BROCK, for appellee.

Per CURIAM: The questions involved in this case, with the exception hereinafter stated, are the same as the questions involved in and decided by the case of *Maxwell* v. *People,* (*ante,* p. 546). The objection, made by the pres-

ent appellant, was that the personal property owned by him was not in the State of Illinois, and that he was not a resident of the State of Illinois at the time when, under the law, his property was required to be listed for taxation. The proof shows, that the non-residence of appellant and the *situs* of his property outside of the State were as stated in the objection. This case differs from the case of Mary J. Maxwell in that the board of review sustained the objection as to the present appellant, thereby holding that his property was not liable to taxation. The clerk of the board thereupon, under the direction of the board, made out and forwarded to the Auditor a full and complete statement of all the facts in the case; but the Auditor neither notified the board of review of his approval of its decision, nor did he present the case to the Supreme Court. He took no steps in regard to the matter, except to inform the board that he could not certify the statement of facts to the Supreme Court. So far, therefore, as the present appellant is concerned, the proof presented by him in the present proceeding not only sustains his objection as here made, but it further appears that the board of review itself decided said objection in his favor. In view of this condition of things, we are of the opinion that the county court should have sustained the objection, made by the appellant to the entry of judgment against his interest in the land in question.

Accordingly, the judgment of the county court, so far as it applies to the land of the appellant, is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*